[No. 18630.   Department Two.   March 12, 1925.]

JOHN JOYCE, *Appellant,* v. M. J. GIBBONS, *Respondent.*[1]

APPEAL (418)—REVIEW—FINDINGS. Findings upon conflicting evidence will not be disturbed where it cannot be said that the evidence preponderates against them.

TRIAL (31)—RECEPTION OF EVIDENCE—REOPENING CASE. Refusal to open a case for further evidence will not be disturbed where it cannot be said that the court abused its discretion.

Appeal from a judgment of the superior court for King county, Hall, J., entered August 11, 1923, upon findings in favor of the defendant, dismissing an action on contract, tried to the court. Affirmed.

[1]Reported in 233 Pac. 921.

*Allen & Griffith,* for appellant.
*J. M. Hawthorne,* for respondent.

MACKINTOSH, J.—April 1, 1916, respondent leased a farm from the appellant which he vacated the next year, owing certain sums of money to the appellant for rent and for the purchase price of animals. At the time of leaving, the respondent delivered to the incoming tenant, Nakanishi, $820 worth of hay; five hundred dollars of this were paid by Nakanishi to the appellant in the spring of 1919. The appellant received the balance from Nakanishi about October 25, 1919. On August 5, 1922, this suit was brought to recover some $2,200 still due the appellant. In his answer the respondent plead the statute of limitations, and on this plea succeeded in the trial before the court without a jury.

To quote the appellant's brief: "The only question involved is whether the action is barred by the statute of limitations."

The answer depends on the nature of the hay transaction of March 1, 1917. If that was an agreement whereby appellant accepted Nakanishi as his debtor for the purchase price of the hay in lieu of respondent, the appellant, of course, then became the owner of the indebtedness and the $820 was in law received at that time from the respondent, and more than three years having elapsed after that payment and before this suit was brought, the action would be barred. If the transaction was not consummated until October, 1919, when Nakanishi made the last payment to the appellant for the hay, then the statute would not act as a bar. If the appellant bought the hay or the account from the respondent in 1917, there was no payment thereafter made by the respondent which would toll the statute.

The testimony as to what happened in March, 1917, and October, 1919, is in utter conflict, and while we have read and re-read it, the situation is not much clarified thereby and the case presents an excellent illustration of the condition which this court will not disturb, for the evidence cannot be said by us to preponderate against the trial court's findings, which therefore must stand.

Point is made of the refusal of the trial court to re-open the case for further testimony. This matter was submitted on conflicting affidavits, and in denying the motion the trial court exercised its discretion in such way that we cannot say there was any abuse thereof.

The judgment is affirmed.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MITCHELL, JJ., concur.